# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.** | |
| Plaintiff | Case No.: |
| v. | **19-cv-01075-DKC** |
| **PHOUNG ANH HUYNH,** *et al.* | |
| Defendant | |

## DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT WITH AFFIDAVIT HEREIN

Phuong Anh Huynh and Viet Pearl LLC, Defendants, by and through counsel, request that the entry of default be set aside.

### NATURE OF CASE

The Complaint alleges that the Defendants' restaurant played the Mayweather/McGregor mixed martial arts fight (the "Program") in a manner that one way or another violated federal copyright laws.

### STANDARD

Pursuant to Fed. R. Civ. P. 55(c), a court may 'set aside an entry of default for good cause.' Because the Fourth Circuit has a strong policy that cases be decided on their merits, a motion to set aside a default must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments. As a result, any doubts about

> whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.
>
> Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense. To establish a meritorious defense, the moving party should proffer evidence that would permit a finding for the defaulting party. The following factors should also be considered in considering a Rule 55(c) motion: the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Russell v. Krowne*, 2013 U.S. Dist. LEXIS 583, at *5-6 (D. Md. 2013) (internal quotation marks and citations omitted).

## REASONS FOR FAILURE TO FILE ANSWER

The Defendants are involved with a single restaurant business. Defendant Phuong Huynh speaks little English.

When the suit papers were received, the Defendants sent them to their insurer. On June 12, 2019 — the same day default was entered — the Defendants' insurer sent them a letter advising them that this matter was not covered by the policy. **Exhibit 1** (letter dated 6/10/19 but envelope postmarked 6/12/19). The Defendants then had to scramble to find and pay counsel. They file this motion within 30 days of the default.

## PROFFER OF DEFENSES

**PHUONG ANH HUYNH**

### Facts and Affidavit

Phuong Anh Huynh was not an owner of Viet Pearl LLC and appears to have been sued because she is the Resident Agent. Ms. Huynh, wife of the owner of Viet Pearl LLC, was involved in the business but was not an owner, was not at the restaurant the evening of the Program, and did not participate in any decision to obtain or play the Program without a license or with an insufficient license. She further raises the defenses of Viet Pearl LLC.

**I declare (or certify, verify, or state) under penalty of perjury that I am competent to testify about the matters in the foregoing paragraph which is based upon personal knowledge and is true and correct.**
Executed on ___7/8/2019___ (date) in Adelphi, Maryland.

_____
Phuong Anh Huynh

## VIET PEARL LLC

The Plaintiff has filed a generic complaint describing ways that "commercial locations" improperly obtained and played the Program. (Compl. ¶ 12-13.) The Complaint then states that the Defendants did "one or more" of the boilerplate items. (Compl. ¶ 14.)

Complaints containing generic, boilerplate, hypothetical, or illustrative wrongs with the plan to figure it out in discovery do not satisfy the fair notice requirements of Rule 8. *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 339 F. Supp. 2d 1081, 1088 (E.D. Cal. 2004); *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) ("Pickern's complaint included lists of barriers that she now characterizes as illustrative of the kinds of barriers a disabled person may confront. ... However, she did not allege that any of these barriers actually existed at the Store.") The Complaint is deficient.

Defendant Viet Pearl LLC further contends: (1) the display of the Program described below was not for commercial purposes; (2) if the Plaintiff contends that the display of the Program described herein was not allowed, such a limitation was not conspicuously displayed; and (3) the employees' actions were not in the scope of employment.

## Facts and Affidavit

I was an employee at Defendant Viet Pearl LLC's restaurant the evening of the Program. Employees (fewer than ten) decided to watch the Mayweather-McGregor fight after work. The restaurant closed at 11:00 p.m. that evening, around the time the main event of the Program was scheduled to start (it started late, after midnight). Another employee used his personal credit card to order the Program. The Program was displayed on a single television after the restaurant closed, for personal not commercial purposes.

**I declare (or certify, verify, or state) under penalty of perjury that I am competent to testify about the matters in the foregoing paragraph which is based upon personal knowledge and is true and correct.**

Executed on ___7/8/2019___ (date) in Adelphi, Maryland.

*[signature]*
The Duc Tran

**WHEREFORE**, the Defendants respectfully request that the order of default be set aside, that they be permitted 21 days thereafter to file a responsive pleading, and that they be awarded such other and further relief as may be appropriate.

Respectfully submitted,

<u>/s/Sean R. Day/s/</u>
Sean R. Day (Bar No. 12831)
7474 Greenway Ctr Dr Ste 150
Greenbelt, MD 20770-3524
301.220.2270
301.220.2441 fax
Sean@DayInCourt.Net
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served this filing date upon all parties through the ECF filing system. All parties are represented by counsel who are registered ECF users and have entered appearances in this case.

<u>/s/Sean R. Day/s/</u>
Sean R. Day