IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOE HAND PROMOTIONS, INC.     :

             :

  v.         :  Civil Action No. DKC 19-1075

             :

PHOUNG ANH HUYNH, et al.    :

             :

**MEMORANDUM OPINION AND ORDER**

The Clerk entered default against Defendants Phoung Anh Huynh and Viet Pearl, LLC d/b/a Viet Pearl Restaurant on June 12, 2019, for want of answer or other defense. (ECF No. 13). Defendants, through counsel, filed a motion to vacate the entry of default and for an additional 21 days to file a response to Plaintiff's complaint on July 10, 2019. (ECF No. 18). Defendants relate that soon after service, Ms. Huynh sent the suit papers to the Defendants' insurer. She received word from the insurer that it would not provide a defense on June 12, 2019, and, promptly thereafter, sought counsel. Plaintiff has not filed a response in opposition and the time to do so has now expired.

The United States Court of Appeals for the Fourth Circuit stated the following standard for a district court to apply in this situation:

> As we stated in *Payne* [*ex rel Estate of Calzada v. Brake*], 439 F.3d [198 (4ᵗʰ Cir. 2006)] at 204–05:

> When deciding whether to set aside
> an entry of default, a district court
> should consider whether the moving
> party has a meritorious defense,
> whether it acts with reasonable
> promptness, the personal
> responsibility of the defaulting
> party, the prejudice to the party,
> whether there is a history of
> dilatory action, and the
> availability of sanctions less
> drastic.
>
> See Fed.R.Civ.P. 55(c) (providing that "[f]or good
> cause shown the court may set aside an entry of
> default"). We have repeatedly expressed a strong
> preference that, as a general matter, defaults be
> avoided and that claims and defenses be disposed of
> on their merits. *E.g., Tazco, Inc. v. Director,*
> *Office of Workers Compensation Program, U.S. Dep't*
> *of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The
> law disfavors default judgments as a general
> matter."); *Consolidated Masonry & Fireproofing*
> [*Inc. v. Wagman Constr. Corp.*], 383 F.2d [249 (4th
> Cir. 1967)] at 251 ("Generally a default should be
> set aside where the moving party acts with
> reasonable promptness and alleges a meritorious
> defense."). This imperative arises in myriad
> procedural contexts, but its primacy is never
> doubted.

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616

F.3d 413, 417 (4th Cir. 2010)(footnote omitted).

Here, the balance of factors favors vacating the entry of

default. The delay has been minimal, and delay by itself is not

prejudice in this context. *Colleton Preparatory*, 616 F.3d at 418

(citation omitted). Plaintiff has not opposed the motion to vacate

the entry of default and Defendants allege a plausible, meritorious

defense. In light of the strong preference that defaults be avoided and that claims and defenses be disposed of on their merits, the motion to vacate entry of default will be granted.

Accordingly, it is this 14th day of August, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. The default entered by the clerk (ECF No. 13), BE, and the same hereby IS, VACATED;

2. Defendants' response to Plaintiff's complaint is due twenty-one (21) days from the date of this Order; and,

3. The Clerk IS DIRECTED to transmit a copy of this Order to counsel of record.

/s/
DEBORAH K. CHASANOW
United States District Judge